

**15th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFAYETTE**

**STATE OF LOUISIANA**

NUMBER: 2011-1688-B  SECTION: DIV. "B"

JAMES NEAL

**VERSUS**

**NABORS DRILLING USA, LP and JOHN DOES 1-10**

FILED:_____  DEPUTY CLERK:_____

*******************************************************************************

**COMPLAINT**
(Jury Trial Requested)

**I. INTRODUCTION**

COMES NOW, Plaintiff James Neal, by and through undersigned counsel, and files this his Complaint against Defendant Nabor's Drilling U.S.A., LP, in the above styled cause, and in support hereof would show unto the Court the following:

**II. PARTIES**

1. Plaintiff James Neal is an adult resident citizen of Rankin County, Mississippi.

2. Defendant, Nabor's Drilling U.S.A., LP, is a Texas Limited Partnership authorized to do and doing business in the State of Louisiana. Defendant Nabor's Drilling U.S.A., LP may be served through its registered agent CT Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808.

3. John Does 1-10 are those individuals unknown to the Plaintiff who have caused injury to the Plaintiff as described herein.

**III. JURISDICTION AND VENUE**

4. This Court has jurisdiction over the parties inasmuch as the Defendant conducts substantial business within the jurisdiction of the Court and the Plaintiff was employed and terminated within the jurisdiction of this Court. The parties thus have such minimum contacts with the jurisdiction that the exercise of personal jurisdiction consistent with La. Rev. Stat. 13:3201 does not offend traditional notions of fair play and substantial justice.

5. Venue is proper in the 19th District of Louisiana inasmuch as the Defendant, a foreign limited partnership licensed to do business in Louisiana has its primary place of business

1

in Lafayette Parish.

## IV. FACTS

6. Defendant Nabor's Drilling U.S.A., LP (hereinafter "Nabors") employed Plaintiff James Neal (hereinafter "Plaintiff" or "Neal") as a floorman as an "at will" employee on Nabor's Oilrig 339 located near of Baton Rouge, Louisiana. On or about November 28, 2009, Neal suffered a workplace injury including fractures of the lumbar spine and ribs. Mr. Neal was disabled through February 24, 2010 when he was released to return to work with no restrictions.

7. Neal returned to work and almost immediately began to experience pain, tingling, and loss of bladder control.

8. Neal consulted Dr. Adam Lewis who stated that Neal's symptoms were directly related to his workplace accident of on or about November 28, 2009. Dr. Lewis restricted Neal from work until at least August 1, 2010.

9. Nabor's declined to pay medical and/or indemnity benefits to Neal and on June 18, 2010, Neal filed a Form 1008 with the Office of Workers' Compensation.

10. On June 24, 2010. Nabor's terminated Neal. See Exhibit "A".

11. Prior to termination, Nabor's failed to investigate Neal's workplace injury.

12. Further, Nabor's failed to provide Neal with COBRA notifications as required under ERISA.

## V. COUNTS

### COUNT I. RETALIATORY DISCHARGE

13. Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth herein.

14. Neal alleges that Defendant Nabors' retaliated against him because he filed a workers' compensation claim and took reprisal against him in violation of LSA- R. S. 23:1361 et. seq.

15. As a direct and proximate result of the retaliation actions of Defendant Nabors, James Neal has suffered and will continue to suffer incidental and consequential damages.

16. As a result of the retaliation and reprisal practiced by Defendants, James Neal has suffered pain, loss of self-esteem. extreme mental and emotional distress, as well as physical harm and injury.

17. James Neal prays for the following:

a. Full back pay, including all wages, bonuses, salaries, fringe benefits, gratuities,

and related employment benefits:

b. Reinstatement to his former position or a substantially equal position or alternatively that he be awarded front pay;

c. Compensatory damages to address medical costs, physical injury and harm, suffering, inconvenience, loss of enjoyment of life, mental anguish, emotional distress, and anxiety;

d. Attorney's fees, expert fees, and costs in the prosecution of this case;

e. Legal interest and all monetary benefits due and owing running from the date of the discriminatory acts;

f. Any and all relief that the court deems just and equitable.

## COUNT II. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

18. The Plaintiff re-alleges each of the foregoing paragraphs as if fully set out herein.

19. The acts and omissions of the Defendants amounted to the tort of intentional and/or negligent infliction of emotional distress, in that, among other things, the Defendants knew that their actions in wrongfully and maliciously terminating Plaintiff placed him under enormous financial and emotional stress, resulting in further damage and personal injury. Defendants first refused to provide medical and indemnity benefits to Plaintiff for his work related injury and compounded that refusal by terminating Neal following the filing of his Form 1008 with the Louisiana Office of Workers' Compensation. Defendants' actions greatly increased Plaintiff's emotional anguish, leading to adverse physical manifestations resulting from emotional stress as well as the breakdown of his marriage.

20. Defendants' intentional infliction of emotional distress has proximately caused substantial damage to Plaintiff.

## VI - JURY DEMAND

The Plaintiff herein demands a trial jury.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that upon a trial of these causes, judgment be entered against Defendants for all damages available at law to the Plaintiff caused by their acts and/or omissions of the Defendant including but not limited to declaratory relief, and other such legal or equitable remedies and relief prayed for herein, including but not limited to all available damages at law:

a. Loss of income;

  b. Mental and Emotional Distress;

  c. Medical expenses;

  d. Pre-judgment interest and post-judgment interest;

  e. Attorneys' fees and expenses;

  f. Court costs and expenses;

  g. Any and all other damages to which the Plaintiff may be entitled under the laws of the United States or the State of Louisiana.

  h. Any employment benefits due and owing to Plaintiff;

  i. Any statutory penalties or fines due; and

  j. All general and specific damages available at law

Respectfully submitted, this the 17th day of March, 2011,

           PLAINTIFF, JAMES NEAL

         By: _____
           EDWARD GIBSON, ESQ.

**OF COUNSEL:**

Edward Gibson, Esq. (LA Bar Roll No. 29053)
*HAWKINS, STRACENER & GIBSON, PLLC*
153 Main Street
Bay St. Louis, MS 39520
Ph. (228) 469-0785; Fx. (228) 467-4212

**PLEASE SERVE:**

Nabor's Drilling U.S.A., LP
Through its registered agent
CT Corporation System
5615 Corporate Blvd., Ste. 400B
Baton Rouge, LA 70808
Or wherever it may be found.

FILED THIS 22
DAY OF March, 2011
_____
Deputy Clerk of Court

A TRUE COPY ATTEST
Lafayette, La. April 20, 2011
Deborah Duplechin
Dy. Clerk of Court